# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ISAAC A. POTTER, JR.,**

      **Plaintiff,**

v.                                                    Case No:   6:15-cv-1250-Orl-41KRS

**LINCOLN HERITAGE LIFE
INSURANCE COMPANY and GERBER
LIFE INSURANCE COMPANY,**

      **Defendants.**

## AMENDED REPORT AND RECOMMENDATION
(And Direction to the Clerk of Court)[1]

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **AFFIDAVIT OF INDIGENCY (Doc. No. 10)**
>
> **FILED:**      **August 17, 2015**

**I.    BACKGROUND.**

On August 3, 2015, Plaintiff Isaac Potter ("Potter") filed a complaint against Defendants Lincoln Heritage Life Insurance Company ("Lincoln Heritage") and Gerber Life Insurance Company ("Gerber Life") asserting statutory insurance bad faith claims, pursuant to Fla. Stat. § 624.155.  Doc. No. 1.  On the same day that he filed his complaint, Potter also filed a motion to proceed *in forma pauperis*.  Doc. No. 2.  On August 11, 2015, I issued a Report and

---

[1] This Report and Recommendation amends my earlier Report and Recommendation, Doc. No. 4, in order to address the allegations in Plaintiff's amended complaint.  Accordingly, the Clerk of Court is directed to terminate the original Report and Recommendation, Doc. No. 4.

Recommendation recommending that the Court: (1) dismiss the complaint without prejudice for lack of subject-matter jurisdiction; (2) allow Potter to file an amended complaint; and (3) terminate the motion to proceed *in forma pauperis*.  Doc. No. 4.

On August 17, 2015, Potter filed an amended complaint against Lincoln Heritage and Gerber Life.  Doc. No. 8.  The amended complaint also names Life of Boston Insurance Company ("Life of Boston") and Gerber Products Company ("Gerber Products") as defendants, and it asserts claims for breach of contract and for fraud.  It appears that these claims relate to two policies, at least one of which insured Daveda E. Fleming-Potter.  *Id.* at 10-12.[2]  Potter alleges that Lincoln Heritage, Life of Boston, Gerber Life, and Gerber Products acted fraudulently or in bad faith by failing to investigate and settle a policy claim and by failing to defend a policy claim. *Id.* at 10 ¶¶ 11, 13, 18-20.  Potter also alleges that he is entitled to relief because Lincoln Heritage and Life of Boston have not obtained a certificate authorizing them to conduct business in Florida. *Id.* at 7 ¶ 8.

Although Potter does not explicitly allege a basis for subject-matter jurisdiction in the amended complaint, the amended complaint references a federal court's authority to hear cases when there is diversity jurisdiction.[3]  *Id.* at 5.  Potter alleges monetary damages in the amount of $12,500.00, plus $1,000,000.00 in punitive damages for his claims against Lincoln Heritage and Life of Boston.  *Id.* at 6 ¶ 5.  He alleges monetary damages in the amount of $25,000.00, plus emotional damages and financial loss for his claim against Gerber Life and Gerber Products.  *Id.* at 10 ¶ 19.  With respect to the citizenship of the parties, Potter alleges that he is domiciled in

---

[2] As a result of the inconsistencies in Potter's pagination, when citing to specific pages within the amended complaint I will refer to the page numbers assigned by CM/ECF, and not those assigned by Potter.

[3] When Potter filed his original complaint he also submitted a civil cover sheet that asserted that the Court has diversity jurisdiction over his claims.  Doc. No. 1-1, at 1.

Florida.  *Id.* at 10 ¶ 14.  Potter alleges that Lincoln Heritage "is located at 4343 E. Camelback [R]oad, Suite 400, Phoenix, AZ 85018," that Life of Boston is "located in Springfield[,] Illinois," and that both entities are foreign profit corporations.  *Id.* at 6 ¶¶ 3, 6.  He alleges that the "business jurisdiction" of Gerber Life/Gerber Products "is located at 445 State Street, Fremont, Michigan 49412" and that the entities are headquartered in New York.  *Id.* at 10 ¶¶ 15-17.

In addition to the allegations of the amended complaint, Potter attached to the amended complaint various public records that provide some additional information regarding the citizenship of the parties.  Potter submitted a record from the NYS Department of State, Division of Corporations that indicates that Gerber Products is a corporation with its address and principal executive office located in New Jersey.  *Id.* at 13-15.  He submitted documents filed with the Florida Secretary of State concerning Life of Boston, as well as the entity's Amended Articles of Incorporation, which indicate that Life of Boston changed its name to "Lincoln Heritage Life Insurance Company," that it is located in Illinois, and that it is incorporated in Illinois (before and after the name change).  *Id.* at 16-21.  Finally, Potter submitted annual reports for Lincoln Heritage that indicate that the entity's principal place of business is "4343 E Camelback Rd Suite 400 Phoenix, AZ 85018."  *Id.* at 24-25.

On September 2, 2015 Potter filed a memorandum of law which purports to challenge the Court's jurisdiction.  Doc. No. 17.

On the same day that Potter filed his amended complaint, Potter also filed the above-captioned Affidavit of Indigency, Doc. No. 10, which I construe as a renewed motion to proceed *in forma pauperis*.  The motion has been referred to me for issuance of this Report and Recommendation.

## II.     ANAYLTICAL STANDARD.

A district court has the obligation, at the earliest possible stage in the proceedings, to examine a complaint *sua sponte* to determine whether subject matter jurisdiction may be lacking. *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006). Consequently, a district court, when faced with a motion to proceed *in forma pauperis*, should assess the court's subject-matter jurisdiction before conducting its frivolity review under 28 U.S.C. § 1915(e)(2)(B)(i). *See Matic v. Bahri*, No. 3:10-cv-364-J-34TEM, 2010 U.S. Dist. LEXIS 126345, at *5 (M.D. Fla. Nov. 30, 2010) ("[I]n the absence of subject matter jurisdiction over th[e] matter, Plaintiff's Affidavit of Indigency and Application to Proceed In Forma Pauperis is due to be denied without prejudice."); *see also Welch v. Darby*, No. 11-595-WS-C, 2012 U.S. Dist. LEXIS 34213, at *1 & n.1 (S.D. Ala. Feb. 16, 2012), *adopted by* 2012 U.S. Dist. LEXIS 34205 (S.D. Ala. Mar. 14, 2012). If subject-matter jurisdiction exists, the Court must then determine whether the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.    28 U.S.C. § 1915(e)(2).

## III.    DISCUSSION.

### *A.     Diversity Jurisdiction.*

Potter originally contended that this Court has diversity jurisdiction over this action. *See* Doc. No. 1-1; *see also Mason v. Asplundh*, No. 10-0069-CG-M, 2010 U.S. Dist. LEXIS 52771, at *3-6 (S.D. Ala. Apr. 13, 2010) (considering statements made on a civil cover sheet concerning the basis of the court's jurisdiction to determine whether the court had subject matter jurisdiction), *adopted by* 2010 U.S. Dist. LEXIS 52669 (S.D. Ala. May 27, 2010).   However, as set forth below, Potter has not met his burden of pleading complete diversity.

Potter has sufficiently pleaded his citizenship by alleging that he is domiciled in Florida. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam) ("Citizenship [of a natural individual] is equivalent to 'domicile' for purposes of diversity jurisdiction."). Potter has also sufficiently alleged the citizenship of Lincoln Heritage. A corporation is a citizen of (1) every state by which it has been incorporated and (2) of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Potter alleges that Lincoln Heritage is a corporation incorporated in Illinois, with its principal place of business in Arizona. Doc. No. 8, at 6, 17-18, 24-25.[4] Thus, Potter has adequately alleged Lincoln Heritage is a citizen of Illinois and Arizona. However, Potter has not sufficiently pleaded the citizenships of Life of Boston, Gerber Life, and Gerber Products.[5]

Potter alleges that Life of Boston and Gerber Products are corporations. Doc. No. 8, at 6 ¶ 6; *see also id.* at 13. Although Potter alleges that Life of Boston is an Illinois corporation located in Illinois, Potter fails to allege the entity's principal place of business. *See Holston Invs., Inc. v. Lanlogistics, Corp.*, 677 F.3d 1068, 1071 (11th Cir. 2012) (per curiam) ("[A] corporation's principal place of business is determined based on where the corporation's 'nerve center' is located."); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that the nerve center will be "the place where a corporation's officers direct, control, and coordinate the corporation's activities"). With respect to Gerber Products, Potter alleges that Gerber Products' jurisdiction is Michigan, that its headquarters are in New York, and that its chief executive office is in New

---

[4] The documents attached to the amended complaint are considered as part of the allegations of the amended complaint. *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) (citing Fed. R. Civ. P. 10(c)).

[5] The documents attached to Potter's amended complaint call into question whether Lincoln Heritage and Life of Boston are separate entities. *See* Doc. No. 8, at 17. However, because Potter treats the entities as separate, the allegations concerning Lincoln Heritage's citizenship are not sufficient to establish Life of Boston's citizenship.

Jersey. This information does not establish Gerber Products' place of incorporation or its principal place of business – particularly in light of the seemingly contradictory allegations. *See Hertz*, 559 U.S. at 93-95, 97 (recognizing that the principal place of business is not always the corporation's headquarters and finding that the filing of a form that lists a corporation's principal executive office does not in itself establish the corporation's principal place of business). Therefore, the amended complaint does not adequately set forth the citizenships of Life of Boston and Gerber Products.

The allegations of the amended complaint are even more deficient with respect to Gerber Life. Potter does not allege whether Gerber Life is a corporation, limited liability company, partnership, or other type of entity. This information is necessary to determine its citizenship because the citizenships of entities are determined differently depending on the type of entity. *Compare Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam) (holding that an unincorporated entity, such as a limited liability company or partnership is a citizen of every state in which each of its members or partners are citizens), *with* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business). Moreover, Potter's allegations concerning Gerber Life's jurisdiction and headquarters are deficient regardless of its entity type. If Gerber Life is an unincorporated entity, Potter must allege every state in which each of its members or partners are citizens. *Rolling Greens*, 374 F.3d at 1021-22. If Gerber Life is an incorporated entity, Potter must allege the entity's place of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

For these reasons, the allegations of the amended complaint are not sufficient to establish subject-matter jurisdiction, and the case should be dismissed for lack of subject-matter jurisdiction.

### B.     *Opportunity to Amend Complaint.*

Ordinarily, a *pro se* litigant should be given one opportunity to file an amended complaint if it appears that he might be able to state a claim within this Court's subject-matter jurisdiction. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in other respects*, *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).  However, in this case Potter has already amended his complaint once.  Before Potter filed his amended complaint, I issued a Report and Recommendation advising Potter in detail what must be alleged in order to invoke diversity jurisdiction.  Doc. No. 4.  Nevertheless, many of the same deficiencies that I noted in my original Report and Recommendation still exist in the amended complaint.

Moreover, after filing the amended complaint Potter affirmatively challenged the Court's jurisdiction over his claims.  *See* Doc. No. 17.  Under these circumstances, it appears that Potter is now conceding that this Court may not exercise subject-matter jurisdiction in this case.

For these reasons, I recommend that Potter not be given leave to file a second amended complaint.

### IV.   RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint and **DIRECT** the Clerk of Court to terminate all pending motions and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar

an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on September 3, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy